## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

---

In re

MARTIN ANTHONY MURRAY and
KATHERINE M. MURRAY,

                     Debtors.

_____

M&I MARSHALL & ILSLEY BANK,

                     Plaintiff,

v.

MARTIN ANTHONY MURRAY,

                     Defendant and
                     Third Party Plaintiff,

v.

M&S AUTOMOTIVE, LLC, and
SHAUN BUCKETT,

                     Third Party Defendants.

Case No. 10-31824

Chapter 13

Adversary No. 10-2482

---

### MEMORANDUM DECISION ON THIRD PARTY DEFENDANTS' MOTION FOR ABSTENTION

---

The plaintiff, M&I Marshall & Ilsley Bank, filed this adversary proceeding under 11

U.S.C. § 523(a)(6), seeking the return of collateral or a determination that the obligation owed by

the defendant, Martin Murray, was nondischargeable. The defendant, in turn, filed a third party

complaint against M&S Automotive, LLC, and Shaun Buckett, seeking a judgment of

indemnification pursuant to a prepetition settlement agreement. After the bank and the debtor

stipulated for dismissal of the complaint, the third party defendants moved the Court to abstain

from ruling on the third party cause of action.

The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the third party defendants' motion is granted.

BACKGROUND

On August 30, 2004, M&S Automotive, LLC, by its authorized members, Martin Murray and Shaun Buckett, borrowed $308,000.00 from M&I Marshall & Ilsley Bank. In addition to the Note, the members executed a General Business Security Agreement pledging certain inventory, receivables, equipment and general intangibles as collateral. At some point thereafter, Mr. Murray allegedly removed certain items of personal property pledged as collateral to the bank.

Mr. Murray also allegedly embezzled $100,000.00 from his business partner, Shaun Buckett, resulting in the latter commencing a lawsuit in state court for a money judgment against the debtor. (Buckett v. Murray, Milwaukee County Circuit Court Case No. 09CV006778). That case was ultimately resolved by an agreement between the parties wherein the debtor transferred his membership interest in M&S Automotive, LLC, to Mr. Buckett. The stipulation also provided the following:

> 2.     Any and all personal property removed from the premises of the LLC by Defendant [Murray] on or before May 30, 2010 is deemed to be the personal property of Defendant and to have been transferred from the LLC to Defendant free and clear of all liens and encumbrances without the need for further action or documentation by any party.
>
> 3.     Plaintiff and the LLC, on behalf of themselves, their successors and/or assigns, hereby release and discharge Defendant and his agents, employees, insurers, reinsurers, affiliates, heirs, personal representatives, successors and/or assigns from any and all known, unknown, future, past and present claims and causes of action.
>
> 4.     Defendant, on behalf of himself, his successors and/or assigns, hereby releases

2

and discharges Plaintiff and his agents, employees, insurers, reinsurers, affiliates, heirs, personal representatives, successors and/or assigns from any and all known, unknown, future, past and present claims and causes of action.

5.     To the fullest extent permitted by law, Plaintiff and the LLC jointly and severally agree to defend, indemnify and hold harmless Defendant and his agents, employees, insurers, reinsurers, affiliates, heirs, personal representatives, successors and/or assigns from and against any and all loss, liability, claims, injury, damage and expense (including attorney's fees) made by or due to the LLC's lenders including but not limited to M&I Bank.

(Stipulation and Order for Dismissal, Case No. 09-CV006778, entered Aug. 9, 2010).

The debtor filed his chapter 13 petition on July 19, 2010. This adversary proceeding was commenced by the bank, seeking an order directing the debtor to return the pledged collateral to the bank or, in the alternative, to find that the debt owed was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The debtor filed a third party complaint against M&S Automotive, LLC, and Shaun Buckett, seeking a judgment of indemnification for an alleged breach of the parties' prepetition settlement agreement. The debtor and the bank subsequently settled their dispute and stipulated to the dismissal of the plaintiff's causes of action. The third party defendants then moved this Court to abstain from ruling on the remaining third party indemnification cause of action.[1]

ARGUMENT

Shaun Buckett and M&S Automotive, LLC, argue that mandatory abstention is required in this instance because the cause of action is based upon a state law claim which does not arise in or under title 11 of the United States Code. Additionally, the proceeding could not have been commenced in federal court absent the bankruptcy case and it may be timely adjudicated in state

---

[1]At the May 24, 2011, preliminary pretrial, the parties clarified that the indemnification claim is solely for attorney's fees incurred in defending against the bank's now-dismissed adversary proceeding.

3

court.  *See Northern Pipeline Constr. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

Although provided an opportunity to do so, the debtor waived his right to file a response to the third party defendants' motion and letter brief.

DISCUSSION

Bankruptcy jurisdiction extends to four types of proceedings: (1) cases "under" title 11, that is, the bankruptcy petition; (2) proceedings "arising under title 11"; (3) proceedings "arising in" a bankruptcy case; and (4) proceedings "related to" a bankruptcy case.  28 U.S.C. § 1334(b). The first three categories are "core" proceedings in which the bankruptcy court has power to hear, decide, and enter orders and judgments.  28 U.S.C. § 157(b)(1).  The fourth category, "related to" proceedings, are "non-core" proceedings, which the bankruptcy court can hear, but in which it can only submit proposed findings of fact and conclusions of law to the district court, not issue orders.  *Stern v. Marshall*, 131 S.Ct. 2594, 2603 (2011).

Whether claims are considered core or non-core proceedings dictates not only the bankruptcy court's role and powers but also the availability of mandatory abstention.  *See* 28 U.S.C. § 157(b)(4).  If the claims of the debtor against Mr. Buckett and M&S Automotive are merely "related to" the debtors' bankruptcy case, abstention is appropriate.  The Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law."  *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).  In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context

4

of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. Such a proceeding "may be related to the bankruptcy because of its potential effect, but ... it is ... [a] non-core proceeding." *Id*. (emphasis and citation omitted).

In order to evaluate whether a claim is "core," a court must first look to the illustrative list of "core" proceedings found in 28 U.S.C. § 157(b)(2). Here, the claim brought by the debtor is a state law claim and does not fall neatly into the list of core proceedings which include, but are not limited to, the following:

> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> (C) counterclaims by the estate against persons filing claims against the estate;
> (D) orders in respect to obtaining credit;
> (E) orders to turn over property of the estate;
> (F) proceedings to determine, avoid, or recover preferences;
> (G) motions to terminate, annul, or modify the automatic stay;
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
> (I) determinations as to the dischargeability of particular debts;
> (J) objections to discharges;
> (K) determinations of the validity, extent, or priority of liens;
> (L) confirmations of plans;
> (M) orders approving the use or lease of property, including the use of cash collateral;
> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
> (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

5

This Court is mindful of the narrow construction given to the issue by much of the recent case law. Although distinguishable – the third party defendants have not filed a claim in this case but are subject to a claim by the debtor – the Supreme Court recently ruled that a bankruptcy court "lacked the constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern v. Marshall*, 131 S.Ct. at 2620. In *Stern*, the Court considered a compulsory counterclaim in which the debtor asserted a claim of tortious interference with a gift and requested punitive damages. The creditor had filed a claim for defamation, and the bankruptcy court would have had to make determinations regarding whether the debtor could prevail on the counterclaim and demand for punitive damages – determinations that were beyond what would have been required to determine whether to allow the claim for defamation. The Court reasoned: "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id*. at 2618. Thus, even though the dispute was a core proceeding under the statute, a resolution by bankruptcy court did not pass Constitutional muster.

Likewise, contract interpretation is not typically within the bankruptcy court's core jurisdiction. *See, e.g., In re Northwest Airlines Corp.*, 384 B.R. 51 (S.D.N.Y. 2008) (determination of whether a contract action is a core proceeding requires consideration of a number of factors, including (1) whether the contract is antecedent to the reorganization petition, (2) independence of the proceeding from the reorganization and (3) the nature of the proceeding); *In re Navin*, 382 B.R. 6 (E.D.N.Y. 2007) (when determining if a proceeding is "core," courts must consider (1) whether the contract is antecedent to reorganization petition, and (2) degree to

6

which proceeding is independent of debtor's reorganization); *In re Nat'l Century Fin. Enters.*, 312 B.R. 344 (Bankr. S.D. Ohio 2004) (dispute between chapter 11 debtor and insurer concerning the validity of insurance policies and distribution of insurance proceeds was not a core proceeding where there was no showing that bankruptcy filing had affected either of the parties' rights and/or obligations).

The cause of action in the debtor's third party complaint does not, on its face, invoke a substantive right under the Bankruptcy Code. The indemnification claim is a state law cause of action, even though it appears that a judgment against the third party defendants could affect the debtors' bankruptcy case, given that "[a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.' " *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)). If the debtor succeeds on the merits, there may be more money to distribute to creditors, but it is not a core proceeding. And because the third party defendant has filed a timely motion, this Court must abstain if the cause of action is merely "related to" the bankruptcy case. 28 U.S.C. § 1334(c)(2). It is, and mandatory abstention applies.

Even if this were a core proceeding, this court may also consider whether permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1). When 28 U.S.C. § 1334(c)(2) does not mandate abstention, 28 U.S.C. § 1334(c)(1) nevertheless permits a federal court to abstain from hearing state law claims "[i]n the interest of justice, or in the interest of comity with State courts or respect for State law" if that proceeding arises under title 11 or arises in or is related to a case under title 11. 28 U.S.C. § 1334(c)(1). The Seventh Circuit Court of Appeals has identified the

7

following criteria for courts considering section 1334(c)(1) abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

The Seventh Circuit has also expressed a strong preference that "questions of [state] law ... be decided by the state courts ... rather than by [a federal] court." *Matter of U.S. Brass*, 110 F.3d at 1265; *see also In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996) (urging narrow construction of 28 U.S.C. § 1334(b) because "common sense cautions against an open-ended interpretation of the 'related to' statutory language ... in a universe where everything is related to everything else."); *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989) (bankruptcy jurisdiction is to be construed narrowly "not only out of respect for Article III but also to preserve the jurisdiction of state courts"); *In re Kubly*, 818 F.2d 643, 645 (7th Cir.1987) (bankruptcy jurisdiction is to be construed narrowly "lest bankruptcy courts displace state courts for large categories of disputes in which some party ... may be bankrupt").

This is a conventional dispute involving indemnification under a settlement agreement. No specific Bankruptcy Code provision is implicated. As such, state law contract issues predominate. This factor favors abstention. For the same reason, the factor of comity favors

8

abstention.  While the outcome of the indemnification action may impact the debtors' ability to fund their chapter 13 plan, this factor does not weigh against abstention.  The impact would be the same regardless of the forum in which the indemnification action is heard.

The third party defendant's motion for abstention is granted and the third party cause of action is dismissed.  A separate order will be entered.


September 1, 2011

Margaret Dee McGarity
United States Bankruptcy Judge